## THE STATE OF IOWA V. LEIS.

1. CHANGE OF VENUE IN CRIMINAL CASES. The Supreme Court will not interfere with an order of the District Court refusing to change the venue in a criminal action when the record does not embrace all of the evidence submitted to the court below upon the hearing of the application.

2. INDICTMENT: INTEMPERANCE. Under Section 6 chapter 45, laws of 1855, a defendant may be charged in one indictment with several violations of the law; each violation being alleged in a separate count, and the defendant may be convicted and punished for each of the violation as under separate indictments. A separate judgment should be rendered on each count.

3. SAME. Under said act a defendant cannot be charged in seperate counts of the same indictment with a first and second or first and third violation of the law.

*Appeal from the Henry District Court.*

THURSDAY, APRIL 11.

INFORMATION before a justice of the peace charging the defendant with having violated the liquor law. Being convicted and fined by the justice, and upon appeal to the District Court, judgment again being rendered against him, the defendant appealed to this court.

*Hall, Harrington & Hall* for the appellant.

*S. A. Rice,* Attorney General, for the State.

BALDWIN, J.—The first assignment by the appellant relates to the refusal of the court to sanction defendant's application for a change of venue.

The change is prayed for upon account of the prejudice of the people of Henry county. The defendant supported his application by the affidavit of twenty-two persons, whether disinterested or citizens of the county does not appear, but each swear that defendant cannot obtain an impartial hearing in said county. The State upon the contrary produced the affidavits of twenty-one citizens of the county,

who testified that they were acquainted in said county, and that they believed the defendant could receive a fair and impartial trial without a change of venue.

Section 2, of Chapter 227 of the act of 1857 provides that the court may hear testimony for and against such application, by affidavit or otherwise, and decide such application according to the very right of the matter. The following section provides for a bill of exceptions when such application is overruled, which shall embrace all the evidence before the court. The bill of exceptions in this record contains the affidavits above referred to, but it fails to show that this was all the evidence produced upon such hearing. There may have been oral testimony before the court showing that the witnesses produced by the defendant were interested, or other evidence introduced so far contradicting their statement, that the court in the exercise of a sound discretion could not but refuse the change asked for. But granting this to be the whole of the evidence produced, we think the appellant fails to show such an abuse of discretion as to claim the interposition of the appellate court.

The second error assigned is the refusal of the court to give (and in modifying) the instructions asked by defendant. There are several reasons why this assignment cannot be sustained by this court. The instructions appear to be based upon certain evidence introduced upon the trial, none of which is contained in the bill of exceptions. It does not appear that the defendant excepted to the ruling of the court in refusing or in modifying the instructions asked. The defendant did not ask the court below to grant him a new trial on account of the ruling complained of. It is true there is a bill of exceptions among the papers of the case now before us; it is detached, however, from the main record and not identified in any manner as a part of the record of said cause. The clerk certifies that the original transcript is "a full, complete and perfect copy of all the papers

in said cause;" and this must govern us in determining that this bill of exceptions is not a part of the record, in the absence of any showing to the contrary.

The third and fourth errors assigned relate to the power of the court to try the defendant for more than one offense at the same time, and to render more than one judgment upon the verdict of the jury. The information contained four counts, distinct and separate, each charging the defendant under section 6, chapter 45 of the act of 1855, with having been convicted and fined for a violation of said law, and after such conviction of having sold, so as to make him liable to a second conviction. Said section provides " that indictments and informations for violations under this section may allege any number of violations of its provisions by the same party, but the various allegations must be contained in separate counts, and the person so charged may be convicted and punished for each violation so alleged, as on separate indictments or informations; but a separate judgment must be entered on each count on which a verdict of guilty is rendered. The second and third convictions mentioned in this section shall be construed to mean convictions on separate indictments or informations." These assignments are not referred to by the counsel for appellant in their argument. But we suppose that it is upon a construction of the latter clause of the section, they base their position that the court could not render four judgments upon the finding of the jury. It reads thus: "The second and third convictions mentioned in this section shall be construed to mean convictions on separate indictments or informations." The information, the law says, may allege any number of violations, but the allegations must be in seperate counts, and a seperate judgment must be entered on each count on which a verdict of guilty is rendered. In this information there are four violations charged in four separate counts, and a verdict of guilty on each count, and a separate judgment accordingly. But the law says the sec-

ond and third convictions shall be construed to mean convictions on separate indictments or informations. This we think means that the second and third violations cannot be charged in the same information with the first, or the second cannot be charged in an information with a third. The penalty for the first violation is twenty dollars; for the second, fifty; and for the third, one hundred dollars. Before the defendant can be found guilty and fined fifty dollars he must be charged, convicted and fined twenty dollars. Before he can be fined one hundred dollars he must be found guilty of the first and second violations. But while the law contemplates that the information may contain one or half a dozen charges for a first, second or third offense, yet the first offense and the second or the second and third cannot be charged in the same information.

The judgment in this case was in accordance with the verdict and the provisions of the statute.

Judgment affirmed.