## MANLEY v. WOLFE & Co.

1. **Venue:** PLACE OF PERFORMANCE. Actions for a mere money de-mand must be brought in the county where the defendants, or some of them, reside, unless the contract, upon which suit is brought, is *by its terms* to be performed in a different county.

2. —— APPLICATION OF THE RULE. Where a contract for laying a portion of railroad track in the county of L., provided, that the defendants were to deliver the iron and material needed at the end of the track, that plaintiffs were to have compensation for any damages sustained by being detained on account of defendants' fail-ure to finish the grade, and the amount of compensation plaintiff was to receive for his work, but fixed no *place of payment*, it was *held*, that an action upon the contract, for breaches of its several parts, was not properly brought in the county of L., where none of the defendants resided, and that the venue was properly changed to the county of the residence of one of the defendants and the business place of all.

3. —— VENUE CORRECT IN PART. The sustaining of the motion in such case for the change, will not be regarded as erroneous because as to one item — a small fraction of the entire claim — the venue was properly laid, if the point was not urged either in the District or Supreme Court, but that the entire action was properly brought in L.

*Appeal from Lucas District Court.*

TUESDAY, JANUARY 31.

DEFENDANTS had the contract for constructing the B. & M. R. R. R. from Albia, in Monroe county, west, and entered into a contract with plaintiff for laying the track on a certain part of said road in Lucas county. The parts of said contract material to this case, are as follows: Defendants undertook to deliver all the iron and material needed for laying the track, at the end thereof, and, should plaintiff be detained by failure to finish the grade, he was to have reasonable compensation for any damages thereby sustained. It also provided for the amount of

compensation to plaintiff for his work, but fixes no *place* for paying the same.

The petition claims $1,372.37, divided as follows : $1,000 for detention on account of the non-completion of the grade; $76.87 for not delivering material at the end of the track; $298 for extra work, money paid and articles furnished at defendants' request. Upon defendants' motion, supported by affidavits, the venue was changed to Wapello county, and plaintiff appeals, assigning the order as error.

*T. M. Stuart* and *Perry & Townsend* for the appellant.

*Hendershott & Burton* for the appellees.

WRIGHT, J. — By the affidavit made in support of the motion, it appears that two of the defendants are residents of Linn county, one of them of Wapello, and that their main office is at Ottumwa. It is conceded that this action should have been commenced in one of these counties unless section 2798 of the Revision authorized it to be brought in Lucas.

1. VENUE: place of performance.

This provides that suit may be brought on a contract in a county where *by its terms it is to be performed.*

And, therefore, the only question is whether *by the terms* of the contract, it was to be performed on defendants' part in Lucas county.

The contract says nothing about extra work, nor about money to be paid or articles to be furnished by plaintiff. There is, therefore, no kind of pretense for claiming that defendants were, by the *terms* of any contract, to pay the $298 in Lucas county. There is not even an *express* promise, written or verbal, to pay for the same, let alone a place fixed for such payment.

2. —— application of rule.

Manley v. Wolfe & Co.

The claim for the $1,000 stands upon but little, if any, better ground. Plaintiff was to be compensated for his damages on account of delay in finishing the grade, but, where? Certainly there is no more warrant for saying that the compensation was to be made in Lucas than in Wapello county. The rule under the statute is, that actions for a mere money demand shall be brought in the county of defendant's residence, and they can only be brought in another when the contract, *by its terms*, provides for performance therein. The contract, it will be observed, does not in terms obligate *defendants* to finish the grade. For damages resulting, it is true, they were to pay, but generally, and not in *terms*, in Lucas county.

But a small part of plaintiff's entire demand ($76.87) then could upon any fair construction of the statute, be

3. —— venue correct in part. sued for in Lucas county. This relates to the failure of defendants to deliver the iron and material at the end of the track. There is no claim that *part* of the demand was triable in Lucas county, but it is insisted that the action was properly brought there as to all. Nor was there, as far as the record discloses, any demand that the case should be retained in that county for a trial as to part, though as to others, defendants were entitled to the change of venue.

The action was upon the one contract, the petition assigning several breaches. It is not pretended that the attention of the court was called specifically to its possible duty to sustain the motion as to part, and overrule it as to the other cause of action. The breach for failure to deliver the material is assigned in the same count with that which claims the $1,000 for the delay in finishing the grade. And though we might concede as to this fraction of the entire claim (about one-eighteenth) that the action was properly brought, and that the court might, consistently enough, have retained the case as to

this part for trial in Lucas county; yet as the court in Wapello county will equally have jurisdiction, as there was no demand that plaintiffs were entitled to have at least this much retained, and as appellant does not here insist upon this view, we unite in the order affirming the ruling of the court below.

For our views of the statute and in support of this conclusion see *Hunt* v. *Bratt* (23 Iowa, 171).

Affirmed.