## HUNT v. BRATT.

1. **Venue: PLACE OF CONTRACT: STATUTE CONSTRUED.** Section 2798, Revision of 1860, providing that when by its terms a contract is to be performed in any particular place, suit may be brought in the county where such place is situated, does not authorize suit to be brought against a defendant in a county where by *implication*, merely, he was to make the payment. The promise to pay or perform in the particular place must have been *in terms*.

2. —— **APPLICATION OF RULE.** Suit was brought against defendant on the following contract executed by him : "I hereby order of J. L. H. the following bill of fruit-trees, etc., for which I promise to pay him or bearer seventy-two and 50-100 dollars, on their delivery at M. during the spring of 1866." *Held*, that the defendant was not by the *terms* of the contract bound to pay at M., that suit brought against him in the county in which M. was situated was unauthorized, and that defendant was entitled to have the venue changed to the county of his residence.

### *Appeal from Marshall District Court.*

### WEDNESDAY, JULY 31.

PLAINTIFF declares upon the following instrument :

"I hereby order of J. L. Hunt the following bill of fruit-trees, etc., for which I promise to pay J. L. Hunt or bearer seventy-two $\frac{50}{100}$ dollars, on their delivery at Marshalltown during the spring of 1866.

"C. BRATT.

"P. O. Marshalltown, Marshall Co., Iowa, Nov. 15, 1865."

Defendant, showing that he was at the time the suit was commenced, and still was, a resident of Tama county, and never had been of Marshall county, moved for a change of venue. The motion was sustained. Plaintiff excepted, and appeals.

*Bradley & Caswell* for the appellant.

*Boardman & Brown* for the appellee.

WRIGHT, J. — The petition alleges the delivery of the trees, that defendant received them, but failed and refused

**VENUE:**
**place of contract: statute construed.**

to pay for the same: That the action was properly brought in Marshall county, plaintiff relies upon section 2798 of the Revision, which declares " that when by its terms, a contract is to be performed in any particular place, action for a breach thereof may be brought in the county in which such place is situated."

The court below did not err in the construction given to this statute. The rule is that, in personal actions, suits shall be brought in the county of defendant's residence. This section introduces an exception. Defendant promised to pay for these trees, but did not, by the *terms* of the contract undertake to make such payment in Marshall county.

The action is for *his* alleged breach, and not, of course, upon plaintiff's undertaking to deliver the trees. It was not the intention of the statute to authorize the suing of a defendant in a county where, by implication merely, he was to make the payment.

He should undertake or promise *in terms* to pay or perform in the particular place, to justify the bringing of the suit in the county where such place may be situated. Thus, if A. in Marshall county, should buy goods of B. in Keokuk, in Lee county, or should, in writing, order goods from there, while the law would imply a promise to pay at the time he received the goods from the hands of the seller, there would be no undertaking to pay there *in terms*, or within the meaning of the statute. So, in this case, while plaintiff might have kept his trees

until payment was made, if he parted with them, he must seek his remedy in the county of defendant's residence, and not in that where he was to perform on his part. Appellant's construction unwarrantably extends the language of the statute, and it would not unfrequently operate to the prejudice and surprise of the party charged with a breach of his contract.

Affirmed.