Miller, J.
The errors assigned are in sustaining the defendant’s motion and making the order changing the venue from Hamilton to Webster county.
The general rule is, that personal actions must be brought , in the county where the defendant resides. Revision of 1860, § 2797; Hunt v. Bratt, 23 Iowa, 171. An exception to the rule is that, “ when by the terms of a contract it is to be performed in any particular place, an action for the breach thereof may be brought in the county in which such place is situated.”. Revision of 1860, § 2798. The contract set out in the petition was “ by its terms ” to be performed at Webster City in Hamilton county. There is where the hogs were to be delivered, “ by the terms ” of the contract. A failure to deliver at the time and place agreed upon was a breach of the contract, and suit was properly brought in Hamilton county therefor.
The appellee urges that the section of the statute referred to and relied on by the appellant contemplates only written contracts, and that the contract sued upon in this action being by parol, the venue was properly changed. The language of the statute is: when by its terms a contract is to be performed in any particular place, • etc.” Thus including all express contracts, whether written or resting in parol. No distinction is made by the statute between oral and written contracts. All are alike embraced within the language used.
The order of the district court changing the venue to "Webster county is reversed.
Reversed.