## HAUGEN & Co. v. McCARTHEY.

Venue: ACTIONS ON CONTRACTS. An action to recover damages, for failure on the part of the vendee of personal property to receive it, may, under section 2798 of the Revision, be brought in the county of the place where, by the terms of the contract, the property was to be delivered. Following *Oliver* v. *Bass*, 30 Iowa, 90. The case of *Hunt* v. *Bratt*, 23 id. 171, distinguished from the present one.

*Appeal from Winnesheik District Court.*

THURSDAY, JULY 25.

ACTION to recover damages for the non-performance of a contract to purchase a reaper. The defendant made a

proper showing that he resided in Allamakee county, and thereupon the court, upon his motion, changed the venue to that county. From this order plaintiffs appeal.

*Baker & Brothers* for the appellants.

*George B. Edmonds* for the appellee.

BECK, Ch. J. — The material part of the contract upon which the action is based, is in these words :

" Messrs. P. E. Haugen & Co., Decorah, Iowa : Please have manufactured for me one of Wood's Self-raking Reapers, and have the same ready for shipment to me at Decorah, county of ——, on or before the 10th day of July, 1871, with the usual extras ; and in consideration thereof, I agree to pay for the same," etc. The petition alleges the performance of the contract on the part of plaintiffs, the shipment of the property to the place of delivery, and that at the time named, it was ready for delivery, etc. It also avers that defendant refused to perform his contract and accept and pay for the reaper.

It will be observed that the action is not to recover for the value of the reaper, but for the failure to perform a contract to purchase, by refusing to receive the property at the place named for the delivery thereof. The question is, at what place was defendant bound to receive the reaper ? We answer at Decorah. There can be no dispute that plaintiffs performed their contract by having the reaper " ready for shipment " to defendant " at Decorah " at the time named. By the contract, defendant was bound to receive it. The place where he was required to receive it was the same at which plaintiff was bound to deliver the property. There can be no dispute on this point. Plaintiffs' contract was fully performed when the reaper was at Decorah ready for shipment to defendant on the day stipulated. That town, then, was the place of delivery, and there defendant was bound to receive it. Defendant's

contract was to be performed, then, in Winnesheik county; and the action was properly commenced therein. This case is not distinguishable from *Oliver* v. *Bass*, 30 Iowa, 90. In that case it was held that an action to recover damages for failure to deliver property under a contract of purchase, could be maintained in the county where the property was to be delivered. In this case the breach of the contract consists in the failure to receive the property contracted for. The place of delivery in each case is alike the place of performance of the respective contracts as to the defendants. This action was properly commenced in Winnesheik county, and the order changing the venue is erroneous.

Reversed.

BECK, Ch. J. — Upon the announcement of the foregoing opinion, appellant's counsel filed a petition for re-hearing, in which he strenuously urges that the decision is in conflict with *Hunt* v. *Bratt*, 23 Iowa, 171. While we are thoroughly satisfied that our decision is correct, and that neither the language nor principles of the opinion conflict with that case, yet the confidence of counsel in the position he advances induces us briefly to point out the entire agreement between its doctrines and the conclusions reached in this case.

In that case it is said that defendant "should undertake or promise *in terms* to pay or perform in the particular place, to justify the bringing of the suit in the county where such place may be situated." The language is substantially that of the statutory provision upon the subject, which is as follows: "When, by its terms, a contract is to be performed in any particular place, action, for a breach thereof, may be brought in the county where such place is situated." Rev., § 2798. In *Hunt* v. *Bratt*, the action was upon an agreement or order in writing, whereby defendant undertook to pay for certain fruit trees upon

their delivery at Marshalltown. There is nothing in the contract in reference to the place of payment. The place of performance of the defendant is not fixed by the stipulation of the contract. In the case before us, as we have pointed out in the foregoing opinion, the place of performance by defendant is fixed in the instrument sued on. Plaintiffs were to deliver the reaper at Decorah to defendant, who was bound to receive it at that place. The very terms of the instrument fix the place of performance by defendant.

The word " *terms*," occurring in the statute above quoted, and in the opinion in *Hunt* v. *Bratt*, is not to be understood as synonymous with " words " or " expressions," its signification when used in grammar, which appears to be the meaning applied to it by plaintiff's counsel. But it must be received in the sense attached to it when applied to contracts, namely, as expressing the idea of conditions or stipulations. The language of the statute and of the case just cited can have no other meaning than this : If the contract, by its conditions and stipulations, is to be performed at a particular place, a suit may be maintained in the county where performance is to be had. We have shown, as above remarked, that the contract in question was to be performed by its very terms, according to the conditions expressed therein, in the county wherein suit was brought.