SANBOURN v. SMITH & WHITE ET AL.

1. **Venue:** BANK: CERTIFICATE OF DEPOSIT.  Where a banker's certificate of deposit was by its terms payable at a specified date " on the return of the certificate," it was *held*, that it was payable at the place where the bank was located, and that an action thereon should be prosecuted there, and not where the banker might happen to reside.

*Appeal from Cass District Court.*

THURSDAY, OCTOBER 5.

THE plaintiff filed in the Cass District Court his petition, in substance as follows:  "That on the 9th day of September, 1874, the defendants were doing a banking business in Atlantic, Cass county, Iowa, under the firm name of Smith & White, and so continued for some months thereafter.   That on the said 9th day of September, 1874, they executed to the plaintiff their certificate of deposit, in the sum of two hundred dollars, in words and figures as following, to-wit:

" $200.                    SMITH & WHITE, *Bankers*,  
                          ATLANTIC, IOWA, Sept. 9, 1874.

"L. C. Sanbourn, Esq., has deposited with us two hundred dollars, payable to the order of himself, with 6 per cent, due September 9, 1875, on return of this certificate properly indorsed.                            SMITH & WHITE."

"That said certificate is the property of plaintiff, due and unpaid."

The defendant W. W. Smith appeared, and moved the court to change the place of trial to Fremont county, basing his motion upon an affidavit as follows:

"I, W. W. Smith, being first duly sworn, on oath say I am one of the defendants herein; that I am now, and for the last three years have been a resident of Fremont county, Iowa, and that I never resided in Cass county, Iowa; that the firm of Smith & White was composed of this defendant, W. W. Smith, and the defendant H. F. White; and that said H. F. White was a resident of said Cass county, at the time the certificate of deposit was made, and continued to reside in said county until on or about the 19th day of July, 1875, at which time he removed from said county, and has not resided therein since said time, as I am informed and verily believe; and that the defendants, as a firm, have had no place of business in said Cass county, since the dissolution of their co-partnership on or about the 1st day of April, 1875, and the defendant H. F. White has had no place of business in said county since his removal therefrom, as above mentioned, as I do verily believe; and that service of the original notice in this cause was had on me in Fremont county, Iowa, and that no notice has been served on my co-defendant, H. F. White, as I am informed and do verily believe; and that if such service has been made on said defendant, such service has not been made in Cass county, Iowa, as I do verily believe; and that said H. F. White is a resident of Chicago, Illinois, as I am informed and do verily believe."

The plaintiff filed an amendment to the petition, and a counter-affidavit, which, in the view we take of the case, need not be noticed.

The court changed the venue to Fremont county, and awarded the defendant Smith $15 as damages for appearing in the wrong county. Plaintiff appeals.

*Temple & Phelps*, for appellant.

*Phelps & De Lano*, for appellee.

Sanbourn v. Smith & White.

DAY, J.—Section 2581 of the Code provides: "When, by its terms, a written contract is to be performed in any particu-

1. VENUE: bank: certificate of deposit.

lar place, action for breach thereof may be brought in the county wherein such place is situated." We think the fair and reasonable construction of the writing sued on is that, by its terms, it provides for payment in Atlantic. It is proper to consider the situation and surroundings of the parties, as set forth in the petition, in construing the contract which they have made.

The defendants were doing a banking business in Atlantic, Cass county. The plaintiff deposited $200 in the bank. A certificate was issued, stating that the sum deposited was due Sept. 9, 1875, on return of the certificate, properly indorsed. It is to be observed that mere lapse of time does not render the money due, but the return of the certificate is necessary to that end. Now, what did the parties mean by the return of the certificate? Evidently they meant the bringing of it back to the place where it was issued. Neither party could have understood that it would be a compliance with the terms of the certificate to present it for payment at Hamburg, in Fremont county, where Smith resided, or in Chicago, where White resided, when the writing, according to its terms, was presentable for payment.

If, then, the writing was to be returned for payment to the bank, it was, by its terms, made payable there, and the action was properly commenced in Cass county.

In our opinion, the order of the court, changing the place of trial, is erroneous. *Oliver v. Bass*, 30 Iowa, 90; *Haugen & Co. v. McCarthey*, 34 Id., 415.

REVERSED.