## BRADLEY & NICONLIN V. PALEN.

1. **Place of Suit**: WHERE CONTRACT TO BE PERFORMED. Defendant in writing ordered of plaintiffs a wagon to cost one hundred and thirty-five dollars, for which he agreed to pay as follows : "Half cash; balance six months, with interest at ten per cent. after maturity. Said account to be settled by note at Algona, Iowa, on receipt of goods." The wagon was furnished, but defendant neglected to settle for it, and the refusal to settle is the breach of which plaintiffs complain in their action to recover the price of the wagon. *Held* that the action was properly brought in Kossuth county, where Algona is situated, under section 2581 of the Code, providing that, " when by its terms a contract is to be performed in any particular place, action for breach thereof may be brought in the county where such place is situated." (*Hunt v. Bratt*, 23 Iowa, 171, *distinguished*.)

2. **Pleading**: WARRANTY : AVERMENTS CONTRADICTED BY ATTACHED CONTRACT. In an action for the price of a wagon, the answer alleged a warranty in regard to materials and workmanship, and a breach thereof in that the paint was poor, and attached thereto as a part thereof was a copy of the contract, which plainly excepted the paint from the warranty. *Held* that the copy thus attached controlled the averments of the answer, and that, the burden of the defense being on defendant, it made no difference that the copy of the contract set out in the petition made no reference to paint.

3. **Sale**: OF WAGON : TRIAL AND ABUSE : RETURN. Where one buys a wagon upon a warranty, he has a right to fairly test it, and learn if it complies with the warranty ; but, if he abuses and damages it, he forfeits his right to return it.

4. **Evidence**: SECONDARY : OF UNDISPUTED FACT. The admission of secondary evidence is not reversible error where the same point has been established by the testimony of both parties, and is undisputed.

5. **Contract**: ACTION ON : DEFEAT BY AGREEMENT FOR SETTLEMENT. An agreement for the settlement of a claim growing out of a contract does not put an end to the contract, so that an action thereon cannot be maintained, until the agreement of settlement has been complied with by the party who is bound by the contract.

6. **Interest**: CONSTRUCTION OF CONTRACT. Defendant was to pay for goods received " half cash; balance six months, with interest at ten per cent. after maturity. Said account to be settled by note * * * on receipt of goods." He neither paid the cash nor gave the note. In an action for the price, *held* that he was chargeable with ten per cent. interest on the whole amount from a date six months after the receipt of the goods.

*Appeal from Kossuth District Court.*—HON. LOT THOMAS, Judge.

FILED, JUNE 5, 1889.

ACTION to recover on a written contract for the purchase of a wagon. There was a judgment for the plaintiffs, and the defendant appeals.

*W. D. Boies*, for appellant.

*Clark & Call*, for appellees.

GRANGER, J.—The following is the written instrument on which the action is based : " January 6, 1886. *Messrs. Bradley & Niconlin :* Please manufacture and ship to me at Sanborn, on or before March 15, goods described as follows : One three-spring wagon with top, three seats ; top to be wide enough to let the seats pass forward and back. The piece that the curtains attach to to be as high as an ordinary man's head when sitting down ; leather trimmed ; two lazy backs ; and rubber aprons ; one hundred and thirty-five dollars. For which I will pay you prices as above, and on terms as follows : Half cash ; balance six months, with interest at ten per cent. after maturity. Said account to be settled by note, at Algona, Iowa, on receipt of goods. The above goods are warranted for one year against defect in material or workmanship. DAVID PALEN."

I. The defendant is a resident of O'Brien county, and moved the court to transfer the cause to the county of his residence, for the reason that the contract, by its terms, was not "payable at any particular place." A reference to the contract will show that the wagon was to be settled for by note at Algona, Iowa. Algona is in Kossuth county. Code, section 2581, provides that, " when by its terms a written contract is to be performed in any particular place, action for breach thereof may be brought in the county wherein such place is situated." By the terms

1. PLACE of suit : where contract to be performed.

Bradley & Niconlin v. Palen.

of the contract the settlement for the wagon was to be one-half cash, and a note for the other half. It seems that no part of the contract as to settlement for the wagon has been performed, and this action is for the full price. Counsel make no question as to the cash payment, but base their argument wholly on the construction of the contract as to the agreement to settle by note at Algona; the contention of appellant being that an agreement to settle by note is not an agreement to pay at the particular place. The language of the statute is, "when by its terms a contract is to be performed at any particular place," etc. It cannot be questioned that, by the terms of this contract, the defendant was to perform by giving the note at Algona. This giving of the note he omitted to do, which was a breach of his undertaking. The plaintiffs' right of action on this contract is in consequence of this breach; and the express provision of the statute is that the action for the breach may be brought in the county wherein the place of performance is situated. The petition alleges that the defendant neglected to settle for the wagon. In the case of *Hunt v. Bratt*, 23 Iowa, 171, trees were to be delivered at Marshalltown, but the contract did not in terms name any place of performance by the vendee, and it was held that he should be sued in the county of his residence.

II. Appellant, by way of defense, set up a warranty of the wagon, both as to materials and workmanship; and, among the other averments, was one that the paint was poor, etc. To his answer he attached, as a part thereof, the contract in question, which contains this clause: "The above goods are warranted for one year against defect in material or workmanship. Paint is not guarantied." The court, in its instructions as to the defendant's claim on the guaranty, took from the jury all question as to defective painting. Appellant urges this as error, and says in substance that, although in the exhibit to his answer the paint was not included in the guaranty, the contract as put in evidence by

2. PLEADING: warranty: averments contradicted by attached contract.

appellees, and also the exhibit to appellees' petition, were silent as to the paint; and, under the allegation of his answer, he had the right to have this question considered. Appellant should bear in mind that his defense of a warranty was an affirmative one; that it is his own pleading, and not that of the opposite party, that must contain the averments constituting a foundation for his proofs. The only evidence of guaranty as to the wagon was the written agreement made a part of the pleading. It plainly contradicted the averment of guaranty as to painting; and, as it was a basis for the pleading, it would control it. The action of the court in this respect was right.

III. Appellant avers that, after he received the wagon and found that it did not answer the guaranty, he reshipped it to appellees at Algona.

**3. Sale: of wagon: trial and abuse: return.** Appellees, as an excuse for not receiving it, say, in their reply, among other things, that "during the time defendant had said wagon he misused and greatly damaged the same, and materially depreciated the value of the same." This allegation of the reply defendant moved to strike out as immaterial, and assigns a refusal to do so as error. While it must be conceded that the defendant, after receiving the wagon, would have a right to fairly test it, and learn if it complied with the warranty, he could not have the right to misuse and greatly damage it; and, if he thus abused his privilege, he would not have the right to return it. The reply alleges this misuse and damage. It was pleaded and in evidence, and, we think, properly so.

IV. The pleadings disclose an attempt to adjust the disputed matters between the parties, by the terms of which the wagon was to be returned to plain-

**4. EVIDENCE: secondary: of undisputed fact.** tiff; and the reply states that the defendant neglected and refused to return the wagon after requests, one of which was a telegram. The telegram was offered in evidence, and admitted against defendant's objection that it was immaterial and not the best evidence. It is only necessary to say that, by

the testimony of the defendant and plaintiff Niconlin, the substance of the telegram was before the jury, and it was undisputed. The telegram itself could not change the effect.

V.   The court instructed the jury in substance that if it found that there had been an agreement to settle the dispute as to the wagon, and that as a part of the settlement the defendant was to ship the wagon to Algona when requested to do so, and that if, after said notice or request, he failed to so ship it in a reasonable time, he could not urge such settlement against plaintiffs' right to recover.   Appellant's objection to this instruction is that, if there was a contract of settlement, it put an end to the contract of sale, or the order, even though the settlement was not complied with.   It is a little difficult to see on what plaintiffs could base their cause of action, unless it was on the fact of their sale of the wagon, and the failure to pay therefor.   We think, before the defendant can avoid his contract of sale by an accord and satisfaction, he must establish both.   An agreement to satisfy a claim, by way of settlement, is not enough. It must be satisfied.   It was not enough to agree to return the wagon in settlement, but it must be returned as agreed; and, if not, it was not a settlement of the debt.   *Hall v. Smith*, 10 Iowa, 45, and other cases there cited.   The instruction of the court is in harmony with this view.

*5. CONTRACT: action on: defeat by agreement for settlement.*

VI.   The court instructed the jury, if it found for plaintiffs, to allow ten per cent. interest since September 17, 1887, which was six months after the sale, when the note would have matured if given as provided by the contract.   The contention of appellant is that there was no agreement for ten per cent. on the one-half to be paid in cash.   The agreement to pay the interest arises only on default of payment when due, and we think it applies as much to the cash payment as to the note.   The cash payment was not to be of date of contract, but on receipt of goods.   It would mature

*6. INTEREST: construction of contract.*

Peden v. The Chicago, R. I. & P. Ry. Co.

then, and the stipulation for interest does not in terms refer to the note, but was evidently intended to apply to deferred payments after maturity. In our examinations we discover no error in the record, and the judgment is

AFFIRMED.