A. E. BAILY, Appellant, v. FRANK BIRKHOFER, Appellee.

**Judicial Notice.** A court will not take judicial notice of the names of streets and public places, but will of the counties in which towns are located.
1

**Jurisdiction.** Where a justice does not acquire jurisdiction the district court cannot try and determine the controversy, nor will appearance before the justice confer jurisdiction on the appellate court.
2

**Bills and Notes:** JURISDICTION. To give a justice jurisdiction in an action on a note against a resident of another county, the note must provide for payment at his place of residence.
3

**Bills and Notes:** PLACE OF PAYMENT. Where no place is named a note is presumed to be payable where the maker resides, and where a bank is named, at the bank in the maker's home town.

**Place of Payment:** EVIDENCE. Where place of payment is a juris- dictional question, the necessary facts must appear on the note. It cannot be explained by parole.

**Consent to Jurisdiction:** ESTOPPEL. Jurisdiction is not conferred by an agreement to transfer a cause from a justice to the dis- trict court, and one so consenting is not estopped from ques- tioning the jurisdiction thus acquired.

*Appeal from Pottawattamie District Court.*—HON. O. D. WHEELER, Judge.

FRIDAY, FEBRUARY 12, 1904.

Plaintiff brought action before a justice of the peace in and for Pottawattamie county, Iowa, on a promissory note signed by defendant. Judgment was rendered for defendant, and plaintiff appealed to the superior court of the city of Council Bluffs. Either by agreement or upon motion the case was transferred to the district court of Pottawattamie county for trial. When the case reached that court, defend- ant interposed a plea to the jurisdiction, based upon the fact that defendant was a resident of Crawford county when the action was brought before the justice, and at all times there- after. Plaintiff did not reply to this plea, but filed an affi- davit of his counsel to the effect that defendant through his counsel, agreed to a trial in the district court, and by his con- duct is estopped from interposing such plea. A hearing was then had on this issue, resulting in a finding that the district court had no jurisdiction. Plaintiff appeals .—*Affirmed.*

*Fremont Benjamin* for appellant.

*Flickinger Bros.* and *P. W. Harding* for appellee.

DEEMER, C. J.—The note on which the action was brought was dated at Council Bluffs, Iowa, although signed by defendant in Crawford county. The post office of the

maker is given as Dow City, which is in Crawford county, of which fact we must, of course, take judicial notice.

The maker promised to pay the sum named at "the First National Bank." No other designation of the place of payment appears upon the instrument, except a printed memorandum on the margin reading, "Corner Main Street and First Ave." These words were no part of the note. But, if so treated, it is manifest that they give no indication as to the place of payment. We do not take judicial notice of the names of streets and public places in the towns and cities of the state. So that the first question in the case is, is the note by its terms, payable in Pottawattamie county, Iowa? If yes, then the justice had jurisdiction, under the provisions of our statutes. If no, then he had no jurisdiction, and, having none, the district court could not hear and determine the controversy. This has been so many times determined by us that it is useless to do more than cite the latest case on the subject. It is *Porter v. Welsh,* 117 Iowa, 144. That case also decides that defendant's appearance before the justice, and his failure to raise the question there, does not give the district court jurisdiction. The contract sued upon must, by its terms, provide for payment at a particular place, before a justice at that place may take jurisdiction of an action against a resident of another county. It was not the intention of the statute (Code, section 4481) to authorize the suing of a defendant in a county where by implication, merely, he was to make the payment. *Hunt v. Bratt,* 23 Iowa, 171.

It is well known that there are many First National Banks in this state, and, if we should consider the oral evidence adduced, we would find that there were at least two of them in Crawford county. At which of these banks was the note payable? Where no place of payment is named in a note, it is presumed to be payable where the maker resides; and, where a bank is named, it will be presumed, in the absence of evidence appearing on the face of the note to the contrary, that it was at the maker's home town. *Hartford Bank v. Green,* 11 Iowa, 476; *Blodgett v. Durgin,* 32 Vt. 361. And

in such cases as this, where the question of jurisdiction is alone involved, the jurisdictional facts must appear upon the paper itself. Parol evidence cannot be received to clear up an ambiguity, or to show that a bank at the place where the action was brought was intended, although not sufficiently described. To hold otherwise would be to defeat the manifest object and purpose of the statute. Only by implication may we say that the note was payable at Council Bluffs.

The evidence offered by plaintiff to establish the alleged agreement with defendant's counsel was incompetent, under section 319 of the Code, and for that reason was ruled out by the trial court. There was no plea of estoppel, but, even if there had been, such plea was properly disregarded, for the reason that jurisdiction cannot be conferred on the district court on appeal by estoppel. The parties could not, it seems, confer such jurisdiction by consent. We are committed in this state to the doctrine that such a plea as was here interposed goes to the subject-matter of the controversy, and not to the jurisdiction of the person. Even if the rule be questionable, it is clear that the justice had no jurisdiction to try and determine the controversy. As he had no jurisdiction, the district court could not acquire it on appeal, either by agreement or by reason of conduct amounting to an estoppel.

The trial court was right in sustaining the defendant's plea, and its judgment is AFFIRMED.