W. B. WAYT & SON v. MARY MEIGHEN, Appellant.

**Sales:** JUSTICE OF THE PEACE: JURISDICTION: VALUE. The defendant in this action, a resident of one county, ordered goods of plaintiff, a resident of another county, for which he agreed to pay a certain sum on delivery or give an approved note due one year, payable at the county of the seller, and containing a stipulation for attorney's fees and the jurisdiction of any justice of the peace. As by the terms of the agreement the defendant did not undertake to pay money or execute the note at the county of the seller, an action upon the contract could not be maintained before a justice of the county in which the seller resided.

**Sales:** PLACE OF PAYMENT. Where a promise is made to pay a stipulated price for goods on delivery of the same at a specified place the law will imply a promise to pay at that place.

**Justice of the peace:** JURISDICTION. Jurisdiction of a justice in an action for the breach of a contract to deliver goods at a specified place is not conferred by an implied promise to pay therefore at such place.

*Appeal from Sac District Court.*—HON. F. M. POWERS, Judge.

SATURDAY, APRIL 9, 1910.

THE defendant appeals from the ruling of the district court reversing a judgment of dismissal for want of jurisdiction entered by the justice of the peace.—*Reversed.*

*Edson & Moulton,* for appellant.

*R. L. McCord,* for appellee.

LADD, J.—On April 7, 1908, the defendant, a resident of Buena Vista County, executed an order for a monument to be "delivered at Newell Cemetery about July or as soon as convenient thereafter, for which I agree to pay ($285) two hundred and eighty-five dollars, on delivery or give approved note due one year payable at Sac City, Iowa, and attorney fees if action is commenced. I also agree to furnish material for foundation if I have one put in. It is agreed that any justice of the peace may have jurisdiction on this order." Notice claiming of her the purchase price "as justly due them on your contract," and requiring her to appear before J. W. Nutter, a justice of the peace in Jackson Township, in Sac County, was served on defendant, and on the return day, November 30, 1908, she appeared and moved that the action be dismissed for want of jurisdiction. The cause was transferred to the justice court of W. Jackson, by whom the motion to dismiss was sustained. A writ of error to the district court was sued out, and by it the ruling and dismissal of the justice reversed.

As the action was begun in a county other than that of defendant's residence, the justice's court was without jurisdiction, unless this was conferred in pursuance of section 4481 of the Code, which reads: "On written contracts stipulating for payment at a particular place, action may be brought in the township where the payment was agreed to be made." *Porter v. Welsh,* 117 Iowa, 144; *Baily v. Birkhofer,* 123 Iowa, 59. Section 3496 of the Code, in the chapter relating to the venue of actions generally, provides that, "when by its terms a written contract is to be performed in a particular place, action for a breach thereof may, except as otherwise provided, be brought in the county wherein such place is situated." The effect of the statute first quoted is to make the last applicable to the courts of justices of the peace by indicating the township in which suit shall be brought, so that

decisions construing or applying the one are controlling as to the other. The promise of defendant was to pay on delivery or execute a note. This was optional with her, and, in passing on the issue presented, it may be assumed that she did neither. Were the promise merely to pay a stipulated price on delivery of the monument at a specified place, the law would imply a promise to pay for it there, but this, not being expressed in terms as exacted by the statute, would not be effectual in conferring jurisdiction. *Hunt v. Bratt,* 23 Iowa, 171; *Manley v. Wolf,* 24 Iowa, 141; *Moyres v. Council Bluffs Nursery Co.,* 125 Iowa, 673; *Ft. Dodge Coal Company v. Willis,* 71 Iowa, 152. These cases are to be distinguished from those where the purchasers agree to receive or accept at the place of delivery, for in the latter the gist of the action is the breach of the understanding to perform at a specified place. *Haugen & Co. v. McCarthey,* 34 Iowa, 415. The feature of the contract essential to jurisdiction is the written undertaking, in terms not by implication, to perform at a specified locality. By the terms of the contract, defendant promised "to pay two hundred and eighty-five dollars, on delivery or to give approved note due one year, payable at Sac City, Iowa."

Appellee argues that, inasmuch as "payable" has reference to the indebtedness, it should be held to relate back to the consideration, but the language of the instrument does not warrant that construction. Plainly enough, the payment if in cash was to be made on delivery. By this was meant on the occasion or time of delivery at the cemetery, but, at defendant's option, she might execute a note provided (1) it be approved, (2) be made payable at Sac City, (3) due in one year, and (4) it stipulate for attorney fees in event of suit thereon. As defendant did not undertake to pay in money at Sac City, jurisdiction of the justice in Sac County necessarily depended on the stipulation with respect to the execution of the note. As

this was optional, she can not be said to have undertaken to bind herself in that manner. Conceding, however, that she did agree to execute a note, such as described, she did not undertake to do so at Sac City. The place of doing that was not specified, and therefore performance by paying money or executing the note was by fair implication to be at the cemetery, the locality of which is not disclosed by the record. In any event, the contract does not exact its performance in a county other than that of defendant's residence. It must be borne in mind that the suit necessarily rests on the breach of contract in failing to execute the note, and not on the breach of the conditions to be incorporated in the note when executed. This seems to have been overlooked in *Parr v. McGown* (Texas App.), 98 S. W. 950. In *Bradley v. Palen,* 78 Iowa, 126, the decision was that the venue was rightly laid, for that Palen had promised to "settle by note at Algona, Iowa," where the action was brought. As there was no breach of any obligation to be performed in a county other than that of defendant's residence, the justice's court in Sac County was without jurisdiction.— *Reversed.*