JOHN JOECKEL, Appellee, v. C. F. JOHNSON, Appellant.

**VENUE:** Place of Performance—Sale of Real Estate—Breach. A written contract, performable by its terms in a named county, authorizes suit in such county for breach. (Section 3496, Code, 1897.)

PRINCIPLE APPLIED: Plaintiff sold his farm to defendant by written contract, which provided:

1. That the non-defaulting party should recover $1,000 of the defaulting party.

2. That the contract should be performed in Winterset, Iowa, and at a named office.

3. That deed should be placed in escrow in a named bank in Winterset, Iowa, until a named amount was paid.

4. That action for damages should be brought in the county of the residence of the non-defaulting party.

Plaintiff, the non-defaulting party, really resided in Wisconsin, though he had a business residence in Winterset. Defendant breached the contract. *Held,* action for the $1,000 was properly brought in Madison County, in which Winterset is situated.

**DAMAGES:** Liquidated Damages—Agreement for—When Sustainable. An agreement that a specified sum shall be recoverable by the non-defaulting party to a contract will be sustained, provided such sum is *not* out of all reasonable proportion to the loss sustained, or reasonably to be anticipated in case of a breach.

PRINCIPLE APPLIED: Plaintiff contracted to sell defendant a farm for $15,375, and gave possession. The parties agreed that, in case of breach of the contract, the non-defaulting party should recover $1,000. Defendant breached the contract. The contract tied up the sale of the farm. Plaintiff was compelled to pay taxes of $100, some insurance, a commission for securing the contract, and interest on a first mortgage of $400. Plaintiff lost a half year's rent of the farm, the profit on the sale, and interest on $14,000 for one year. Plaintiff also suffered other inconveniences and some loss of time. To offset this, defendant paid $500 on the contract, which sum was forfeited under the contract on the happening of the breach; but defendant recouped this loss to the

extent of $375 for rent collected after he took possession of the farm. *Held*, the stipulation for damages would be enforced.

*Appeal from Madison District Court.*—W. H. FAHEY, Judge.

SATURDAY, OCTOBER 28, 1916.

ACTION at law to recover $1,000 on a land contract, which, as plaintiff contends, was stipulated damages for loss, expense, inconvenience, etc., occasioned by the failure of appellant to perform his part of the contract. There was a trial to the court, without a jury, and judgment for plaintiff for the amount claimed, with interest. Defendant appeals.—*Affirmed*.

*Henry & Henry*, for appellant.

*A. W.* and *Phil R. Wilkinson* and *W. S. Cooper*, for appellee.

PRESTON, J.—The petition alleged, substantially, that the parties entered into a written contract, January 24, 1913, whereby plaintiff sold to defendant certain lands in Madison County, Iowa, consisting of 205 acres; that defendant has failed to perform his part of the contract; that plaintiff has demanded performance; that defendant has forfeited to plaintiff the right to recover the sum of $1,000, provided in the contract; and that plaintiff has been to the expense of $50 attorneys' fees for collecting the same. The contract provides, among other things:

1. VENUE: place of performance: sale of real estate: breach.

"Said parties further agree that, if either party makes default in or refuses or neglects to comply with the conditions hereto, such party shall forfeit to the party ready, willing and offering to comply herewith at the time and place agreed on, the sum of $1,000, which sum may be recovered by an action hereon, with all attorneys' fees and costs incident thereto, as damages for the loss, expense, inconvenience and delay occasioned thereby and incident thereto only, and such

damages shall not constitute nor be construed as a waiver of right to demand and enforce specific performance of this contract.''

As to the place of performance of the contract, there are two or three provisions having a bearing:

''It is agreed that this contract is to be performed at the office of S. M. Hamilton, Winterset, Iowa.''

Also:

''And it is agreed that any action for damages as above specified shall be brought in the county of the residence of the party not in default.''

Also:

''Deed to be placed in escrow in the First National Bank of Winterset, Iowa, and to be delivered to second party when the $4,275 is paid and interest to date of payment is paid.''

Time is made the essence of the contract. The contract further provided that any payments made by defendant should, upon his default, become forfeited. By the terms of the agreement, $500 was paid down by the defendant upon the execution of the contract, and the balance, $14,875, was to be paid subsequently, at different dates. The contract recites that it is between John Joeckel, of the county of Jefferson and state of Wisconsin, and C. F. Johnson, of Polk County, Iowa. Before answer, defendant filed motion for a change in the place of trial, to Polk County, the place of his residence, supported by a showing that he was a resident of Polk County, which motion is on the ground that the action is brought on a written contract for a penalty or forfeiture or damages growing out of an alleged breach of the contract, and not for performance of said contract; and that, if action can be maintained on the contract for the recovery of the damages sought to be recovered in any other county than Jefferson in the state of Wisconsin, it can only be in the county of defendant's residence; and that the damages sued for are not, by the terms of the contract sued on, payable in Madison County, Iowa.

Plaintiff resisted the motion, and made a showing that, while plaintiff had his family residence in the state of Wisconsin, yet, at the time of the execution of the contract and prior thereto, he was, and still is, engaged in business in Winterset; and that he is a member of the firm of Joeckel & Doud, a partnership engaged in the clothing business in Winterset, Madison County, Iowa. The answer admits the execution of the contract and that he failed to perform his part thereof, other than the payment of $500 at the time the contract was executed; denies all other allegations not admitted, and for further and separate answer says, in substance, that the parties intended to limit the amount to be recovered as actual damages to the sum of $1,000; that the provision referred to is a provision for the payment of a penalty; that plaintiff has received the $500 paid by defendant and is claiming the rent of the premises for the year from March 1, 1913, to March 1, 1914; that defendant rented said premises for that year to Siedel for the sum of $825, $425 of which was due on the first of January, 1914, and $400 on the first day of February, 1914; that plaintiff served upon the Siedels a notice, under which he claimed that said rent was due and payable to him as the owner of said property by reason of defendant's default in the performance of the terms of the contract; that, in a suit brought by defendant against Siedel for the recovery of so much of said rent as was due February 1, 1914, the plaintiff herein has filed a petition of intervention, claiming that the rent due February 1, 1914, is not due this defendant, and claiming judgment against this defendant for $375, being the amount paid by the Siedels to this defendant in satisfaction of the rent which was due January 1, 1914; that plaintiff herein has influenced Siedel to refuse to pay defendant the rent due February 1st, and to claim that this defendant is not the owner of the claim for such rent, and that plaintiff herein is such owner; that this plaintiff and Siedel have entered into an agreement by which Siedel is to pay such rent to the plaintiff, if this

defendant is not successful in recovering the same. The answer also alleges that plaintiff herein is also seeking to recover the rent of said premises for the year from March 1, 1913, to March 1, 1914, in addition to the $1,000 sued for herein as liquidated damages.

The two cases were submitted at the same time in this court, and, by agreement, the evidence in the case of *Johnson v. Siedel* is to be considered in this case. In the abstract in the case of *Johnson v. Siedel* is the following:

"This agreement, made this 26th day of December, 1913, by and between C. F. Johnson, party of the first part, and John Siedel, party of the second part, is as follows: Whereas C. F. Johnson has purchased a certain farm in Madison County, Iowa, from John Joeckel and has rented said farm to the said Siedel; and whereas, the said Siedel has executed two rent notes for $425 and $400 respectively, the first of which notes will be due on January 1, 1914; and whereas, said Joeckel is attempting to forfeit the contract between himself and said Johnson, and lays claim to the rent notes, Now, therefore, it is agreed by and between the parties hereto as follows: In consideration of the payment of said rent note for $425 before its maturity, said Johnson agrees to accept the sum of $375 in full for said note and interest thereon, and hereby acknowledges receipt of said amount, and further agrees that, in case the said Siedel shall be compelled by action in the courts to pay over the amount of said note or any part thereto to the said Joeckel or his legal representatives, then the said Johnson will, promptly after the establishment of said legal liability by action of any court, pay to the said Siedel the amount as established by such court together with the costs to which said Siedel shall be subjected by such action in court, including a reasonable attorneys' fee. That said John Siedel hereby agrees to pay, contemporaneously with the execution hereof, to the said Johnson, the sum

of $375.   Said Johnson agrees to deliver to Siedel said note for $425.

"Executed in duplicate this 26th day of December, 1913.

"C. F. Johnson,

"John Siedel."

Joeckel intervened in that case, and was given judgment against Siedel for the full amount of the note, the court holding that the plaintiff herein, the intervener in the other case, was entitled to the rent from and after July 1, 1913, to the first of March, 1914, and that the note in suit was executed for part of the rent of the premises for the term ending March 1, 1914.   The first rent note was paid to the defendant.   It should have been stated that the execution of the contract in this suit was admitted, and that defendant's motion for change in place of trial was overruled.   December 4, 1913, notice was served on this defendant, terminating the contract with plaintiff herein on the 4th day of January, 1914. Two errors are assigned, the first that the court erred in overruling defendant's motion for a change of place of trial, and second, as to rendering judgment against defendant for $1,000 and attorneys' fees.

1.   Appellant cites the following cases on his proposition that the motion should have been sustained:  *Independent School District v. Reichard,* 39 Iowa 168; *Kell v. Lund,* 99 Iowa 153; *Hunt v. Bratt,* 23 Iowa 171; *Baily v. Birkhofer,* 123 Iowa 59; *Wayt v. Meighen,* 147 Iowa 26.

It seems that the trial court held, according to appellee's contention, that this action was such as to come under the provisions of Section 3496 of the Code.   But appellant contends that there was nothing in the contract providing where the payments were to be made; that the only reference therein to any place in connection with payment is in regard to the deed's being placed in escrow in the bank of Winterset, to be delivered to the second party when $4,275 is paid.   It is thought by appellant that the provision in the contract, that

it was to be performed in the office of S. M. Hamilton, Winterset, Iowa, was not considered by the parties on the same basis as the other provisions, because the contract further provides that any action for damages shall be brought in the county of the residence of the party not in default. It is conceded by appellant that, in view of this provision, if the plaintiff had made default, action could have been started in Polk County, that being the residence of the other party; but they claim that, after defendant had made default, suit might have been instituted under that provision of the contract in any county of the state in which defendant had his residence, but that plaintiff was not a resident of the state. The argument is that, therefore, Section 3501 of the Code governs; that is, that the suit should be begun in the county where the defendant resides.

Appellant relies more particularly upon the *Reichard* case, supra. In that case, the court said, in substance, that an action on a bond conditioned for the payment of a penalty if the principal shall fail to erect a schoolhouse according to the terms of a written contract is a personal action, which must be brought in the county wherein some of the defendants reside; and that, if such action were instituted in the county wherein the schoolhouse was to be erected, but where none of the defendants resided, they would be entitled to a change of venue, under what was then Section 2589 of the Code, 1873; that the thing to be performed by the terms of the bond is the payment of the damages consequent upon the breach of another contract. The bond is silent as to the place of payment of such damages. That it cannot be said, therefore, that, by the terms of the bond, its covenants were to be performed at any particular place, and that, without this, suit should have been brought in the county wherein some of the defendants actually resided. The distinction, it seems to us, between that case and this, is that, in that case, there were two contracts; that is, the contract for the building of the schoolhouse, and the bond. The action was on the bond, which

was silent as to the place of payment of damages. In the instant case, there is but one contract.

The *Kell* case, supra, holds that, aside from excepted cases, a person should not be required to appear to defend against any demand in any court other than that held in the county of his residence.

The *Hunt* case, supra, holds that it was not the intention of the statute to authorize the suing of a defendant in a county where, by implication merely, he was to make the payment. To the same effect are the cases of *Baily v. Birkhofer* and *Wayt v. Meighen,* supra. On the other hand, it is contended by appellee that the suit was properly brought in Madison County, and they cite: *Bradley v. Palen,* 78 Iowa 126; *Oliver v. Bass,* 30 Iowa 90; *Haugen v. McCarthey,* 34 Iowa 415; *Sanbourn v. Smith,* 44 Iowa 152; and Section 3496 of the Code, which provides:

"When, by its terms, a written contract is to be performed in any particular place, action for a breach thereof may, except as otherwise provided, be brought in the county wherein such place is situated."

The contract in the instant case expressly provides that it is to be performed at the office of S. M. Hamilton, Winterset, Iowa. Winterset is in Madison County, and the suit is brought for a breach of the contract.

In the *Bradley* case, supra, the court distinguished the case of *Hunt v. Bratt,* supra, cited by appellant. In the *Hunt* case, trees were to be delivered at Marshalltown, but the contract did not by its terms name any place of performance by the vendee, and it was held, therefore, that he should have been sued in the county of his residence.

In the *Oliver* case, supra, hogs were to be delivered to the vendee at a certain place and time named in the contract, and it was held that suit for a breach thereof was properly commenced in the county of the place where, by the terms of the contract, the property was to be delivered, though defendant resided in another county. The statute then was

the same as now.   The *Oliver* case is followed in the *Haugen* case, supra.

In the *Sanbourn* case, supra, a banker's certificate of deposit was, by its terms, payable at a specified date, on the return of the certificate; and it was held that it was payable at the place where the bank was located.

It could not be claimed, and is not, by either side, that the intention of the parties was that the suit should be brought in Wisconsin.   Under one provision of the contract, it was to be brought in the county of the residence of the party not in default, which was the plaintiff in this case. Plaintiff had a business residence in Madison County, Iowa; the transaction took place in Madison County; the contract was to be performed in the office of Hamilton in Madison County.   It would seem quite clear that the intention of the parties, as expressed in the contract, was that plaintiff should not be required to bring the action in the county of defendant's residence, if defendant was in default.   Defendant was in default.   It is quite clear, therefore, that plaintiff could not be compelled to bring the action in the county of defendant's residence, though doubtless it could have been brought there.   The motion for change of place of trial was properly overruled.

2.   Plaintiff did not introduce evidence or try the case upon the theory that he was seeking to recover the actual damages sustained by him, but relied upon the contract, and contends that, by the provision of the con-

2. DAMAGES: liquidated damages: agreement for: when sustainable.

tract, it was intended as liquidated damages for loss, expense incurred, inconvenience and delay caused appellee by the defendant's failure to carry out his contract, and contends that such is the stipulation, and that it is plainly evident, from the contract and surrounding circumstances, that said sum was for damages, and not for penalty, as contended by appellant.   Some evidence was introduced, bearing on the question.   A brother of plaintiff's, who was present when the contract was exe-

cuted, says the talk was that, in case plaintiff could not
fulfil his contract, there was to be $1,000 damages to defend-
ant; and $1,000 to. plaintiff, if defendant did not do so. This
witness testifies that being tied up with the contract kept
plaintiff from selling the farm; that plaintiff paid the interest
and the taxes; that plaintiff had not yet paid the commission
on the sale of the land; that he was to pay the commission
when defendant paid $1,000, in July; also testifies that plain-
tiff was under the expense of insurance and the amount of
interest, and taxes on the place; that plaintiff has the second
mortgage; that the interest on the first mortgage was $400,
and on the second, $200; that defendant did not pay that, but
plaintiff did, and that the tax was over $100; that witness
went down there, and lost his time to go to Des Moines.
The defendant testified that, when the contract was signed,
he said he did not like the idea about the $1,000, but that it
was stated that it was customary and rulable in that class
of contracts; that there was no discussion. On cross-exami-
nation, he said:

"Q. You knew the contract provided that $1,000 was
to be considered as damages for loss, expense, inconvenience
and delay occasioned by the person failing to come through
with it, if either party did fail? A. I knew it was there
for damages on either side, yes, sir, when it was signed."

And on re-examination:

"Q. Did you know it was there for damages or penalty?
A. Well, it was in the contract. I did not pay much atten-
tion. I did not know which it was for. I knew the $1,000
was in there for either damages or something else; I knew it
was there when I signed it."

Appellant relies upon the following cases: *Foley v.
McKeegan,* 4 Iowa 1; *Kelly v. Fejervary,* 111 Iowa 693; *Mc-
Intire v. Cagley,* 37 Iowa 676: *Wolf v. Des Moines & Ft.
D. R. Co.,* 64 Iowa 380; *Sanders v. McKim,* 138 Iowa 122;
*Sanford v. First National Bank,* 94 Iowa 680; *Kuhn v. Myers,*
37 Iowa 351; *Selby v. Matson,* 137 Iowa 97; *Elzey v. City of*

*Winterset,* 154 N. W. 901; *Coen v. Birchard,* 124 Iowa 394, 397.

One of the rules announced by the cases is that where, under all the circumstances, the sum stipulated in the contract as liquidated damages is out of all reasonable proportion to the loss sustained or reasonably to be anticipated, the stipulation will be treated as a penalty, since the right to damages for breach of contract is founded upon compensation, and not gain. Another rule of interpretation is that where, from the nature of the contract, the extent of the damages which would result from the breach thereof is difficult or impossible of ascertainment, the fact that the parties have deliberately named a sum which should be treated as liquidated damages on the happening of a breach is a matter of importance in determining the question; that, under such circumstances, it is proper for parties to determine in advance what measure of compensation should be allowed in case of a breach.

Other cases hold that it is proper to take into consideration the intention of the parties, as shown by the language of the instrument and the surrounding circumstances, or the evidence given on the trial. One of the cases uses this language:

"In giving a construction, also, we must see whether the agreement contains one or several stipulations; whether such stipulations vary in importance; whether the damages are in their nature certain or uncertain, or difficult of definite ascertainment; *or* whether, where the injury is certain, the sum fixed upon is proportionate or disproportionate to such injury and the actual claim which grows out of it." *Foley v. McKeegan,* supra.

The contract, in the instant case, uses the words "forfeit" and "damages," but the cases hold that the use of the words "liquidated damages" or "penalty" is not always controlling. Appellant contends that there would have been

no difficulty in proving actual damages, and refers to some items that might have been proved. But it occurs to us that there might be other items which it would be difficult to prove. Some of the circumstances are shown by the contract itself. Defendant paid $500, and this was forfeited. But he received the proceeds of the first rent note, $425, less the discount; and, after the forfeiture of the contract, this plaintiff was, in the other case, allowed to recover for the second rent note. The contention is that the $1,000 provided for in the contract, in addition to the other amounts paid by defendant and received by plaintiff, is out of proportion to any conceivable loss or injury sustained by the plaintiff. But it is contended by appellee that, because of appellant's default, plaintiff lost his profit on the sale of the farm, and at least half of the rental value of the farm for one year; and that he lost interest on $14,000 for at least one year, and was compelled to pay interest which appellant agreed but failed to pay; and that he was put to other expense and inconvenience, the aggregate of which would amount to much more than the $500 payment made on the contract, and the amount for which judgment was rendered in this case.

In the case of *Morse v. Rathburn* (Mo.), 97 Am. Dec. 359, the amount of property sold was $20,000, and the amount of liquidated damages agreed upon was $2,000. The provision in the contract was:

"And the said parties to this agreement bind themselves that either party failing to comply with its provisions shall forfeit and pay to the other the sum of $2,000."

The case is well considered, and the opinion is somewhat lengthy, because numerous authorities upon the subject are reviewed.

*Selby v. Matson*, 137 Iowa 97, is somewhat similar to the case under consideration. The contract there was for the sale of real estate, and the stipulated damages for failure to perform the contract were $1,000. In discussing the ques-

tion of the liability of the parties in default for the stipulated damages, the court said:

"No evidence was introduced bearing on this phase of the case, and the sum named was not disproportionate with the values involved in the deal, nor was it inconsistent with the nature of the contract or the circumstances of the transaction. Both parties appear to have been men of affairs, and seem to have intended by exacting ample indemnity in event of a breach of the agreement to cover loss of time as well as the benefit to be derived from the bargain had it been carried out, and if, incidentally, this had a tendency to render compliance therewith more certain this was not objectionable on that account alone. They had the right so to stipulate, and, having done so, it is not for the courts by force of construction, unaided by extrinsic facts, to read into the agreement a meaning the language does not warrant, and thereby relieve either of the burden he has voluntarily assumed. The rule is established by the decisions cited that in this state the intention of the parties when ascertained will be given effect, and in the light of the record before us no ground appears for holding that in this case it was other than that clearly manifested by the language of the contract. The district court rightly instructed the jury to allow plaintiff $1,000 or return a verdict for the defendant."

The language above quoted is pertinent, we think, in this case. We shall not attempt to review the numerous cases cited by appellee; but the following, among others, may be cited as sustaining our conclusion. These are in addition to cases cited by appellant. 13 Cyc. 90, 91, 93, 94, 97–102; *Sanford v. First Nat. Bank,* 94 Iowa 680; *Beard v. Delaney,* 35 Iowa 16; *DeGraff v. Wickham,* 89 Iowa 720; *Ahlers v. Harrison,* 131 Iowa 289.

We are of opinion that the trial court rightly decided the case, and the judgment is, therefore,—*Affirmed.*

EVANS, C. J., DEEMER and WEAVER, JJ., concur.