### THE FORT DODGE COAL CO. v. WILLIS.

1. **Venue**: ACTION IN WRONG COUNTY: MOTION TO CHANGE: PLEADING. In an action brought in Webster county, against a citizen of Butler county, for coal delivered on the track in Webster county, under a contract contained in letters between the parties, plaintiff's petition alleged that, by the terms of the contract, the coal was to be delivered and paid for in Webster county. Certain of the letters between the parties were attached as exhibits to the petition, and from these it appeared that the coal was to be *delivered* in Webster county, but it did not expressly appear therefrom, as was necessary to maintain the action in Webster county, (see Code, § 2581,) that *payment* was to be made in that county. The petition, however, further averred that certain other letters were lost, in which Webster county was expressly stated as the place of both delivery and payment. *Held* that these averments, which must for the purpose be taken as true, showed a right of action in Webster county, under § 2581 of the Code, and that a motion for a transfer of the cause to the county of defendant's residence, under § 2589 of the Code, was properly overruled.

*Appeal from Webster District Court.*

WEDNESDAY, MARCH 9.

ACTION to recover the value of certain coal which plaintiff claims to have sold and delivered to defendant. Defendant resides in Butler county, and he filed a motion in the district court for the removal of the cause to that county, and, that motion being overruled, he declined to plead, and

a default was entered against him, and judgment rendered thereon for the amount of the claim, from which he appeals.

*Courtright & Edwards*, for appellant.

*J. F. Duncombe*, for appellee.

REED, J.—The coal, the value of which plaintiff seeks to recover, is alleged to have been sold and delivered in car-lots on the second, fourth and eighth of October, 1883. It is alleged that the sales were made under a written contract, and that such contract was contained in the letters which passed between the parties, some of which are attached as exhibits to the petition. The first of these in point of time is a letter from plaintiff to defendant, and which purports to be an answer to one written by him, in which they advised him that the lowest price at which they could sell coal was $2.50 per ton on track at Fort Dodge. The next is one written by defendant, some ten days later, in which he inquires whether they would bill a car-load to Parkersburg if he should order the same, and asking them to give him the price of nut coal. The next is in answer to this by plaintiff, in which they inform him that they would fill his order for a car to Parkersburg if he made it, and that the price of nut coal was $1.75 per ton on track at the mines. The only other letter set out is one from defendant, of a later date, in which he stated that he had ordered one car of lump coal, and one of nut, but that he had not received them, and in which he directed them to ship to him a car of lump coal as soon as possible. It is alleged in the petition that one of the letters written a short time prior to the delivery of said coal cannot be found, but that the same was an order by defendant for the delivery of lump coal, and that the answer thereto stated the price of said coal and the place where the delivery was to be made, and the place of payment therefor. The petition also contains the following allegation: "That by the terms of said written contracts contained in said let-

ters, and by the answers thereto, and by the terms of said several written agreements therein contained, the coal was to be delivered in Webster county, and the payment therefor was to be made in said county."

The question to be determined is whether it is shown by the petition that, by the terms of the contract, payment for the coal was to be made in Webster county. If that is shown, the action was properly brought in that county; but, if not, the venue should have been changed to the county of defendant's residence. Code, §§ 2581, 2589. It is expressly averred in the portion of the petition quoted above that the property was sold upon an agreement that it should be delivered and paid for in Webster county. But, so far as the contract between the parties is evidenced by the letters which are exhibited, its terms are to be gathered from their language, rather than from the general averments of the petition; and, if they were to be considered alone, it could be determined from them only that the coal was to be delivered on track at Fort Dodge, or at the mines, (which are in Webster county,) at the prices designated. In the absence of any stipulation as to the time and place of payment, the law would imply an undertaking by defendant to pay at the time and place of delivery. But, to entitle plaintiff to prosecute the action in that county, the payment must have been required to be there made by the *terms of the contract*, (section 2581, *supra;*) that is, the parties must have expressly stipulated that that should be the place of payment. But the letters exhibited do not contain any express stipulation as to the time and place of payment.

But it is averred that one of the letters written by defendant, and in which he ordered coal, has been lost, and is not exhibited; also that in the answer which plaintiff wrote to it the place both of delivery and payment was stated. This letter in answer is not exhibited, and the averment as to its contents must be taken as true. The language quoted above from the petition has reference to this, as well as the other

letters which passed between the parties. By it the pleader undertook to state the contract of the parties as contained in the whole correspondence. The allegation is that, by the terms of the contract as contained in the letters, payment for the property was to be made in that county. That allegation must be taken as true; and, if true, the action was properly brought in Webster county.

AFFIRMED.