JOHN A. MOYRES v. COUNCIL BLUFFS NURSERY CO. ET AL.,
and D. J. FORGARTY, Appellant.

**Contracts:** PLACE OF PERFORMANCE: CHANGE OF VENUE.  To authorize
a suit on a contract against a nonresident of the county in which
the action was brought, under Code, section 3496, it must appear

in terms from the agreement that there was to be a performance in that county, otherwise defendant's application for a change of venue should be granted. In the instant case the writings fail to show that anything was to be done by defendant in the county where the action was brought.

*Appeal from Boone District Court.*— HON. GEO. W. DYER, Judge.

WEDNESDAY, NOVEMBER 23, 1904.

ACTION to recover damages for breach of contract to replace fruit trees and to recover for services. Motions of` defendants for continuance and to strike out one count of petition were overruled, and plaintiff's right to recover being put in issue by an answer, judgment was rendered against defendant Forgarty, and he appeals.— *Reversed.*

*John P. Organ* and *J. L. Stephens,* for appellant.

*Dyer & Hull,* for appellee.

.McCLAIN, J.— I.   The defendant Forgarty and a co-defendant, one Rice, moved to have the action transferred from Boone county to Pottawattamie county, alleging that they were the only defendants in the action served with original notice, and that the action did not grow out of any business of an office or agency of defendants, or either of them, in Boone county, and that it was not for the breach of any written contract by its terms to be performed in Boone county.   It was made to appear by the affidavits that there was no corporation or concern known as the Council Bluffs Nursery Company, although there was a nursery of that name situated in Council Bluffs, in Pottawattamie county, and that other defendants, not served with notice, were non-residents of the State.   There was no showing that the contracts sued upon were made in connection with any business transacted at any office or agency of the defendants in Boone

county, and the action should therefore have been transferred to Pottawattamie county, under the provisions of Code, section 3504, unless it was brought for breach of a written contract which by its terms was to be performed in Boone county. See Code, section 3496.

The contract sued upon, as set out in plaintiff's petition, consisted of a writing signed by plaintiff and the defendant Forgarty and one Guthrie, also named as defendant, in the following words: "This is to certify that we, the undersigned nurserymen of Council Bluffs, Iowa, do hereby agree to replace all nursery stock for J. A. Moyers of Boone, Iowa, that said J. A. Moyers purchased of said Council Bluffs Nursery for a period of five years (5 years), free of charge, and the above agreement holds good for any nursery stock that said J. A. Moyers may purchase of said Council Bluffs Nursery, and said J. A. Moyers will not allow his live stock such as cattle and horses to run at large among said nursery stock and in witness whereof we attach our respective names." It is alleged that into this written agreement were merged certain written contracts set out in the petition, purporting to be contracts for the sale and delivery of fruit trees in Boone County, Iowa, executed by the different defendants and by plaintiff, in each of which deliveries of fruit trees as therein described were agreed to be made in Boone county to plaintiff by the respective defendants whose signatures were affixed to the different contracts, each contract containing a stipulation in the following words: "Substitution to be made if absolutely necessary." And it is also alleged that the defendants named in the petition were jointly interested in the sale, delivery, and complete performance of said contracts. Only two of the contracts purported to be signed by defendant Forgarty, but if those two contracts bound him to deliver fruit trees in Boone county, and to replace any of them which died with other fruit trees in that county, then, no doubt, the contract of replacement signed by him, as already set out, was a writ-

ten contract to be performed in Boone county, and the motion to transfer the action to Pottawattamie county was properly overruled, so far as he was concerned. We reach the conclusion, however, that the writings set out, even when taken together, do not constitute a written contract to do anything in Boone county. The stipulations as to substitution are too indefinite and uncertain in themselves to impose any legal duty to replace trees sold either in Boone county or elsewhere, and there is nothing in the contract in which such stipulations are found to indicate any obligation such as counsel for plaintiff contends was imposed by such stipulation.

It is alleged in the petition that it was distinctly understood and agreed by the parties to such contracts at the time of the making of the respective sales referred to therein that defendant should replace all dead trees or stock delivered during the planting season following such death. But, if there was any such agreement, it was not evidenced in writing, nor made part of any written contract; therefore the alleged obligation to replace, existing prior to the making of the special agreement relating to replacement, was not a written agreement, and action for the breach thereof was not within the statutory provision above cited, relating to the place of bringing action for breach of written contract. The subsequent agreement to replace, which, as plaintiff alleges, merged into itself prior stipulations as to substitution, relates by its terms to nursery stock bought by plaintiff " of said Council Bluffs Nursery," but prior written contracts make no reference to the Council Bluffs Nursery, and it does not appear, therefore, in any way, from the writing, that this subsequent agreement had any relation to the prior contracts; nor is it shown in resistance to the motion for change of venue that there was any such connection between the last agreement and the prior contracts of sale. When the trial court, therefore, ruled upon the motion for change of venue, there was nothing before it justifying the conclusion that the

agreement found in the last written contract obligated Forgarty to replace any of the fruit trees referred to in the previous written contracts which were to be delivered to plaintiff in Boone county; nor did the plaintiff on the trial establish any written contract by Forgarty or Rice to replace dead trees for plaintiff in Boone county, even if we should be warranted in considering the subsequent evidence for the purpose of determining if there was any prejudicial error in the ruling as made. The refusal of the court to transfer the action to Pottawattamie county was, therefore, erroneous, and the judgment subsequently rendered must be reversed. *Baily v. Birkhofer,* 123 Iowa, 59; *Hunt v. Bratt,* 23 Iowa, 171; *Kell v. Lund,* 99 Iowa, 153. This conclusion renders it unnecessary and improper that we should further review the proceedings in the trial court. *Bennett v. Carey,* 57 Iowa, 224; *Kell v. Lund, supra.*— Reversed.