JOHN N. MOYERS, Appellee, v. COUNCIL BLUFFS NURSERY
COMPANY and D. J. FOGARTY, Appellants.

**Actions:** REMOVAL TO PROPER COUNTY: COSTS. Code, Section 3504,
contemplates that a defendant sued in the wrong county shall
recover only for his trouble and expense in moving for a
change to the proper county, and not all his personal ex-
penses, time occupied and attorney's fees in defending the case
in the trial court and on appeal; and the allowance is largely
discretionary with the court which will not be disturbed on
appeal unless an abuse of such discretion is shown.

*Appeal from Boone District Court.*— HON. W. D. EVANS,
Judge.

TUESDAY, JUNE 5, 1906.

REHEARING DENIED, THURSDAY, OCTOBER 25, 1906.

THE opinion states the case.— *Affirmed.*

*John P. Organ* and *Stevens & Fry,* for appellants.

*Dyer & Hull,* for appellee.

WEAVER, J.— This action having been brought in the
district court of Boone county, Iowa, the defendants ap-
peared thereto and moved to transfer the cause to the dis-
trict court of Pottawattamie county for trial, on the ground
that they were residents of the latter county and the con-
tract sued upon was not one giving jurisdiction in the
former county. This motion was overruled, and the cause
proceeded to trial on its merits, resulting in a judgment for
the plaintiff. On appeal to this court the judgment was
reversed; it being held that the motion to transfer to Pot-
tawattamie county should have been sustained. *Moyers v.*

*Nursery Co.,* 125 Iowa, 672.   Upon being remanded to the
district court, defendants renewed their motion to transfer
the cause, and for an allowance for expenses and atttor-
ney's fees incurred by them in preparing and submitting the
motion for change of place of trial, $75; for atttorney's fees
in defending the action upon the trial in Boone county,
$263.05; for personal expenses of Fogarty in attending the
trial in Boone, $103.40; and for attorney's fees in prose-
cuting the appeal to the Supreme Court, $300.   The trial
court sustained the motion to transfer, and assessed in de-
fendant's favor, under Code, section 3504, the sum of $75
as " compensation for their trouble and expense in attending
at the wrong county."   Other items claimed were disal-
lowed, and defendants appeal.

The ruling was correct.   The statute cannot be con-
strued to mean that a person sued in a wrong county may
recover, not only for his trouble and expense in moving for
a change to the proper county, but in addition thereto re-
cover compensation for all his time, trouble, and expense
in defending the case upon its merits.   In the absence of
any showing to the contrary, these latter items cannot be
presumed to be any greater in one county than another.
Under ordinary circumstances the only penalty assessed for
prosecuting an unsuccessful action in the courts is the pay-
ment of taxable costs.   The statutory provision here in
question is not intended to change this rule, except so far
as to entitle the party sued in a wrong county to recover
for the extraordinary expense and trouble in attending at
such county, and securing or attempting to secure a change
to the proper jurisdiction.   To hold that in addition
thereto he may recover for all personal expenses incurred,
time occupied, and fees paid in defending the case in the
trial court and on appeal to this court, is entirely unwar-
ranted by any fair interpretation of the statute and out of
harmony with the general policy governing the practice in
this state.   Moreover the assessment of compensation in
these cases is largely within the discretion of the trial court.

The statute does not undertake to provide a schedule, or a maximum or minimum, of allowances. The trial court is in position to know and appreciate the situation as we cannot, and in the absence of anything clearly indicating an abuse of that discretion we are not disposed to interfere. Care should at all times be taken that the compensation provided by the statute is not made a means of profit or extravagant or oppressive charges. The claims in the present case are perhaps not open to that criticism, but they are at least suggestive of the possibilities involved in the rule for which the appellants contend, and emphasize the propriety of refusing to extend the statute ·to cover anything not fairly expressed by its terms.

Without going into details we are satisfied that the allowance of $75 made by the district court is sufficient to fairly compensate the defendants for all trouble and expense incurred in presenting their claim for change in the place of trial, and, as we hold that the other claims set up are not recoverable, it follows that the judgment appealed from must be, and it is, *affirmed.*