Harold R. Bechtel, Petitioner, v. District Court of Worth County et al., Respondent.

No. 41404.

November 22, 1932.

Carl H. Lambach, for petitioner.

Cerney & Scholte, for respondent.

Stevens, C. J.—Petitioner, who is the owner of certain drainage bonds issued by the board of supervisors of Worth county for and in behalf of Drainage District No. 46, commenced an action in the district court of that county in his own and in behalf of other bondholders similarly situated against Henry Teget, a resident of Hamilton county, to recover past-due assessments laid upon land owned by him in District No. 46 in Worth county. Upon motion of the defendant in that action, the district court ordered the cause transferred from Worth to Hamilton county, the residence of defendant, for

trial. This original proceeding in this court is to test the legality of the order of transfer.

It is provided by Section 11049 of the Code of 1931 that personal actions, except as otherwise provided, must be brought in the county in which some of the defendants actually reside. It is further provided by Section 11040 of the Code of 1931 that:

"When, by its terms, a written contract is to be performed in any particular place, action for a breach thereof may, except as otherwise provided, be brought in the county wherein such place is situated."

Teget in writing elected to pay the drainage assessment laid upon his land in the drainage district in ten equal installments. The agreement signed by him is as follows:

"The undersigned, Henry Teget, does hereby represent that I am the owner of the land described in this certificate and I do hereby promise and agree in consideration of having the right to pay said tax in installments, that I will not make any objection of illegality or irregularity as to the assessment of benefits or the levy of said tax upon and against my property, but will pay said assessment with interest thereon at such rate not exceeding six per cent per annum, as shall be prescribed by resolution of the Board, and do hereby request that I be allowed to pay said tax in not to exceed ten equal installments in the manner provided by law."

It will be observed that the foregoing instrument does not in express terms provide for the payment of the drainage taxes in Worth county. The promise is to pay the drainage taxes laid upon his land in ten equal installments. Does this agreement sufficiently meet the requirements of Section 11040, so as to entitle petitioner herein to maintain the action brought in Worth county? That action is brought upon the theory that the obligation assumed by the defendant therein inures to the benefit of the bondholders and that, as the taxes become due and are payable at the office of the county treasurer of Worth county, the contract must be interpreted the same as it would be if it was specifically provided therein that the installments are to be paid in Worth county. Reliance is placed by appellant upon the holding of this court in Haugen & Co. v. McCarthey, 34 Iowa 415, and Sanbourn v. Smith & White, 44 Iowa 152. In neither of the cited cases did the respective contracts involved in

specific terms provide the place of payment. Nevertheless, it was held that the language thereof in legal effect did so provide.

The instrument construed in the McCarthey case required the delivery of a Wood self-raking reaper to the purchaser at Decorah, Iowa. The court held that the purchaser was bound to receive it at that point and that payment was necessarily to be made there. The Sanbourn case involved a certificate of deposit which provided that Sanbourn had deposited $200.00 payable to the order of himself with six per cent due on return of the certificate properly endorsed. The court held that payment of the certificate would be made only upon its presentation when due and that the only place of present-ment was at Atlantic, in Cass county, where the issuing bank was located and that, although the holder was not a resident of that county, he might, nevertheless, be served there. In each and all of the remaining decisions of this court which have been called to our attention, it is held that the undertaking or promise must *in terms* provide for payment at a particular place to permit an action to be brought against the promisor alone in a county other than that of his residence. Hunt v. Bratt, 23 Iowa 171; Ft. Dodge Coal Company v. Willis, 71 Iowa 152; Baily v. Birkhofer, 123 Iowa 59; Moyers v. Nursery Co., 125 Iowa 672; Wayt & Son v. Meighen, 147 Iowa 26; Wixom v. Hoar, 158 Iowa 426; Baldwin v. Munger, 200 Iowa 32. In each of the foregoing cases, it is specifically held that a contract to pay at a particular place arising from implication of law is not sufficient; that the written instrument must *in terms* so provide.

It may readily be conceded that the above cases are distinguish-able on their facts from Haugen & Co. v. McCarthey and Sanbourn v. Smith & White, supra; but the pronouncement in each of the cases referred to that the provision of the written instrument must, in terms, provide for payment at a place other than the county of the promisor's residence, and that such promise will not be implied in law, is binding. This pronouncement has become the test for de-termining whether the action may be brought against the defendant in some other county than that of his residence. It is true that the drainage assessments were payable at the office of the county treasurer in Worth county. The place is not, however, fixed by the contract, but by law. The instrument does not in express or specific terms obligate the promisor to pay the assessments to petitioner or other bondholders similarly situated in Worth county. The agreement

signed by appellee is endorsed upon the improvement certificates issued under the authority of Section 7499 of the Code, and its purpose was to obtain the right to pay the same in installments, as authorized by Section 7484 of the Code. The right to pay the taxes in ten equal annual installments required the promisor to waive any objection to the legality or regularity of the assessment. The right of petitioner and others, as bondholders, entitled to receive the assessments when paid to the county treasurer, to maintain the present action in their own names and behalf is not in this action challenged, nor is the right of petitioner to maintain an action in certiorari to review the ruling of the district court questioned herein. It seems to us that the promise of Teget, if any, to pay the taxes to petitioner and other bondholders similarly situated in Worth county arises only by implication of law, and is not to be found in the express terms of the writing. This, under the holding of the cases cited, is not sufficient.

It follows that the ruling of the court was proper, and the writ must be and it is annulled.—Writ discharged.

EVANS, FAVILLE, KINDIG, and CLAUSSEN, JJ., concur.

DE GRAFF, ALBERT, and BLISS, JJ., dissent.