**IN THE COURT OF APPEALS OF IOWA**

No. 15-0661
Filed May 11, 2016


**RICHARD ABERNETHY,**
    Plaintiff-Appellee,

**vs.**

**JEREMIAH D. SCHMITT,**
    Defendant-Appellant.
_____


Appeal from the Iowa District Court for Johnson County, Ian K. Thornhill, Judge.


Jeremiah Schmitt appeals the district court's denial of his motion to change venue. **REVERSED AND REMANDED.**


Thomas E. Maxwell and Abigail L. Brown of Leff Law Firm, L.L.P., Iowa City, for appellant.

James L. Sines of Ackley, Kopecky & Kingery, L.L.P., Cedar Rapids, for appellee.


Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**VOGEL, Judge.**

Jeremiah Schmitt appeals the district court's denial of his pre-answer motion to change venue. As the defendant, he asserts his residence—Woodbury County—is the proper venue, given no statutory exception applies to render his home county an improper venue. He also claims the court erred in denying his request for attorney fees and requests appellate attorney fees. We conclude that pursuant to Iowa Code section 616.17 (2013), the petition must be filed in Schmitt's county of residence, Woodbury County. With regard to attorney fees, we remand for the district court to determine a reasonable amount of attorney fees and expenses incurred in pursuit of the change of venue, including attorney fees incurred in this appeal. Therefore, we reverse the opinion of the district court and remand for entry of an order consistent with this opinion.

**I. Factual and Procedural Background**

Schmitt entered into a contract with Richard Abernethy in Johnson County in August 2012 to purchase a trailer for $7000 and a vehicle for $16,700, as well to receive a loan from Abernethy for $4000. Schmitt failed to make timely payments pursuant to the contract. Consequently, on October 13, 2014, Abernethy filed a petition in Johnson County against Schmitt for breach of contract.

When the contract was signed, Abernethy was a resident of Johnson County and Schmitt lived in Nebraska. Prior to the filing of this action, Schmitt moved to Woodbury County, Iowa. On January 30, 2015, Schmitt filed a pre-answer motion to change venue, asserting venue must be changed to Woodbury County—his county of residence—as the contract does not specify where it was

to be performed. He also requested attorney fees. The district court denied the motion, as well as the attorney-fee request. Schmitt appeals.

## II. Standard of Review

With regard to the standard of review for change of venue:

> To determine whether or not the plaintiff filed suit in an improper place, the court only makes a legal determination based upon the venue provisions of Iowa Code chapter 616. Rule 1.808 does not implicate the discretionary judgment of the district court. Therefore our review in this case is for errors at law, not an abuse of discretion.

*Richards v. Anderson Erickson Dairy Co.*, 699 N.W.2d 676, 679 (Iowa 2005) (citations omitted).

## III. Venue

In denying Schmitt's motion to change venue, the district court relied on Iowa Code sections 616.5 (entitled "Resident—attachment") and 616.7 (entitled "Place of contract"), and concluded venue was proper in Johnson County.

Governing actions for breach of contract, Iowa Code section 616.7 provides: "When, by its terms, a written contract is to be performed in any particular place, action for a breach thereof may, except as otherwise provided, be brought in the county wherein such place is situated."

Both parties agree the contract did not specify a location in which it was to be performed. Nonetheless, Abernethy claims, because the payments were to be made to him in Johnson County, the contract was assumed to be performed in Johnson County. The district court agreed with this conclusion. However, "a contract to pay at a particular place arising from implication of law is not sufficient" such that section 616.7 would apply. *Bechtel v. Dist. Ct.*, 245 N.W.

299, 300 (Iowa 1932). Due to the lack of specification with regard to the locality of performance, Iowa Code section 616.7 is not a vehicle through which the suit may be brought outside of Schmitt's resident county. *See id.* at 300–01 (holding that, for a suit to be brought in the venue in which the contract was to be performed, the contract must expressly state where the performance of the contract was to occur).

In addition, the district court also relied on section 616.5 to support its conclusion venue was proper in Johnson County. Section 616.5 states:

> Except as hereinafter provided, an action against a resident of this state must be brought in the county of the defendant's residence, *or* that in which the contract was to be performed, except that, if an action be duly brought against such defendant in any other county by virtue of any of the provisions of this chapter, then such action may, if legal cause for an attachment exist, be aided by attachment.

(Emphasis added.) The district court stated the use of the word "or" in section 616.5 granted Abernethy his choice of venue. However, pursuant to *Bechtel*, 245 N.W. at 300, with no place of performance specified in the contract, the "place of performance" alternative is inapplicable. Furthermore, interpreting this provision as granting Abernethy the choice of venue renders section 616.7—the "place of contract"—superfluous, and therefore, section 615.5 should not be construed in such a manner. *See Richards*, 699 N.W.2d at 683 (noting that statutes should be interpreted so as to effectuate their intent, and, consequently, declining to interpret chapter 616 in such a manner that would "transform statutes of convenience into statutes of inconvenience").

Given the inapplicability of both sections 616.7 and 616.5, we turn to Iowa Code section 616.17. This section provides: "Personal actions, except as

otherwise provided, *must* be brought in a county in which some of the defendants actually reside, but if neither of them have a residence in the state, they may be sued in any county in which either of them may be found." Iowa Code § 616.17 (emphasis added). Our supreme court has held that breach of contract suits are considered personal actions governed by this code section.[1] *Benton v. Slater*, 605 N.W.2d 3, 4 (Iowa 2000).

The petition Abernethy filed stated, "[Schmitt] is a resident of Sergeant Bluff, Iowa." Given it is uncontroverted that Schmitt's residence is in Woodbury County, these statutes dictate the petition must be filed in Woodbury County. *See* Iowa Code §§ 616.5, .17; *Benton*, 605 N.W.2d at 5 ("Our cases have long recognized that section 616.17, the general venue statute, reflects the historical preference for bringing actions in the county of the defendant's residence."); *Bechtel*, 245 N.W. at 300–01.

Notwithstanding the clear dictates of section 616.17, Abernethy on appeal refers us to chapter 617, entitled "Commencing Actions." More specifically, he asserts Iowa Code section 617.3(7) supports the district court's conclusion that Johnson County is the proper venue given Schmitt was a nonresident at the time of contract. However, this argument was not presented to or ruled on by the district court. We thus conclude the argument is not preserved.[2] *See Duck Creek Tire Serv., Inc. v. Goodyear Corners, L.C.*, 796 N.W.2d 886, 893 (Iowa

---

[1] In addition, section 616.5 states a suit "must be brought in the county of the defendant's residence."

[2] Nonetheless, we note these sections are inapplicable, as they govern personal jurisdiction and nonresidents who enter into a contract in Iowa. *See* Iowa Code § 617.3(2), (7).

2011) ("Generally, a party must raise an issue and the district court must decide it for that issue to be properly preserved for appellate review.").

Based upon the above analysis of the applicable statutes, the proper venue is Woodbury County; however, the petition was filed in Johnson County. If a defendant files a pre-answer motion to change venue when the suit is brought in the wrong county, the district court must order a transfer to the proper venue. Iowa R. Civ. P. 1.808(1) ("Thereupon the court *shall order the change* . . . ." (emphasis added)); *see also Rohovit v. Mecta Corp.*, 506 N.W.2d 449, 451 (Iowa 1993) (noting the proper remedy when the suit is filed in the wrong county is for the district court to order the case to be transferred to the proper venue). Therefore, we conclude the district court erroneously denied Schmitt's pre-answer motion to change venue, and we remand so the case may be transferred to Woodbury County.

**IV. Attorney Fees**

Schmitt next asserts the district court erred in denying him attorney fees, the award of which is permitted pursuant to rule 1.808. He further requests the award of appellate attorney fees.

Iowa Rule of Civil Procedure 1.808(1) states, "the [district] court shall order the change [of venue] at plaintiff's costs, which may include reasonable compensation for defendant's trouble and expense, including attorney's fees, in attending in the wrong county." Attorney fees are permitted to be awarded when allowed by statute, and when not expressly excluded, appellate attorney fees may be awarded as well. *Bankers Trust Co. v. Woltz*, 326 N.W.2d 274, 278 (Iowa 1982) (noting attorney fees may be awarded pursuant to statute); *see also*

*Krebs v. Town of Manson*, 129 N.W.2d 744, 746 (Iowa 1964) (noting the rules of civil procedure have the force and effect of statutes).

Because the district court should have ordered the case to be transferred to the proper county, the court should have also considered granting Schmitt's request for attorney fees. Schmitt's attorney submitted an itemized bill. It appears most, if not all, of the charges were made in pursuit of a change of venue. On remand, the district court should consider this billing request, as well as time spent on taking this appeal, in awarding Schmitt attorney fees and costs. *See Bankers Trust*, 326 N.W.2d at 278 (remanding to the district court for an evidentiary hearing to determine award of appellate attorney fees); *see also In re Estate of Bockwoldt*, 814 N.W.2d 215, 233 (Iowa 2012) (remanding to allow the district court to evaluate the amount of attorney fees that should be awarded).

For these reasons, we reverse the decision of the district court denying Schmitt's pre-answer motion to change venue and remand for entry of an order consistent with this opinion, including a ruling with regard to determining district court and appellate court attorney fees and expenses.

Costs on appeal assessed to Abernethy.

**REVERSED AND REMANDED.**