# IN THE COURT OF APPEALS OF IOWA

No. 15-1813
Filed October 26, 2016

**BRENDA PAPILLON,**
    Plaintiff-Appellee,

**vs.**

**BRYON JONES,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Arthur E. Gamble, Judge.

Defendant appeals the district court's award of actual damages, punitive damages, and attorney fees to plaintiff in her civil action for interception of oral communications. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Bryon L. Jones, Waukee, appellant pro se.

Bradley P. Schroeder and Laura J. Lockwood of Hartung & Schroeder, Des Moines, for appellee.

Considered by Danilson, C.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

Bryon Jones appeals the district court's award of actual damages, punitive damages, and attorney fees to Brenda Papillon in her civil action brought pursuant to Iowa Code section 808B.8 (2015) for interception of oral communications. We affirm the district court on the issues of whether the audio recordings were admissible as evidence and the award of actual damages. We reverse the award of punitive damages. We remand to the district court on the issues of trial and appellate attorney fees.

## I.      Background Facts & Proceedings

Jones and Papillon previously lived together and had two children. On January 27, 2014, Papillon filed a petition for a determination of physical care and child support for the children. The parties continued to reside in the same house. Jones set up a recording system in the home so he could listen to Papillon's conversations. Papillon learned of the recordings on about March 10, 2015, when a friend, Kristie Sargent, told her Jones had asked about specific conversations she had with Papillon that occurred when he was not present. Papillon stated Jones began playing the recordings of her conversations very loudly at night. On April 6, Papillon moved out of the home with the children and stayed in a motel. After Jones moved out of the house on June 1, she moved back in.

Dr. Sheila Pottebaum was employed by the parties to conduct a child custody evaluation. Jones gave Dr. Pottebaum copies of audio tapes and transcripts of Papillon's conversations, and Dr. Pottebaum read the transcripts. Jones told Dr. Pottebaum he began "recording everything in the house,

whenever I left the house I just let it run." Dr. Pottebaum mentioned the audio tapes in her report,[1] which was submitted in the custody case. Jones also gave the recordings to his attorney. Jones initially indicated he intended to present the audio tapes in the custody dispute, but later changed his mind, and neither the audio tapes nor the transcripts were offered.

While the custody case was pending, Jones sent Papillon a text message stating he had audio recordings and the truth would be revealed, either in court or online. He stated a former girlfriend, Machela Ponec, had heard the recordings and would testify against Papillon in the custody dispute, but Ponec did not testify. In an email, Jones stated, "You heard the recordings. Who's lies?" In one text, Jones alluded to possible video recordings, but no video recordings were ever produced, and Jones testified there were no video recordings.

In August 2014, Papillon filed a petition against Jones requesting civil damages under section 808B.8 on the ground Jones had willfully intercepted her private communications. She voluntarily dismissed that action and filed the present case, on the same ground, on January 15, 2015. At the trial, Jones testified he told Papillon during a counseling session he was going to make recordings in the house, "or something to that effect, and she said, go ahead, I don't care what you do." Papillon denied consenting to the recording. Jones objected to the admission of the recordings, and the court overruled his objection.

---

[1] Dr. Pottebaum's report recommended Papillon receive physical care of the children.

The district court filed a decision on October 20, 2015, finding Jones had violated section 808B.2 by willfully intercepting Papillon's communications. The court found Papillon had not consented to the recording of her conversations. The court awarded Papillon actual damages of $2076.55, the amount she spent staying in a hotel. The court also awarded Papillon punitive damages of $18,000 and attorney fees of $16,008.80. Jones appeals the decision of the district court.

## II.        Standard of Review

An action for civil damages under section 808B.8 is at law, and our review is for the correction of errors at law. *Iowa Beta Chapter v. State*, 763 N.W.2d 250, 257 (Iowa 2009). The district court's factual findings are binding on appeal if they are supported by substantial evidence. *Id.* "On the other hand, the district court's conclusions of law and its application of its legal conclusions are not binding on appeal." *Id.*

## III.        Admissibility of Recordings

Jones claims the district court improperly overruled his objection to the admissibility of the recordings. Jones's objection was based on section 808B.7, which provides:

> The contents or any part of the contents of an intercepted wire, oral, or electronic communication and any evidence derived from the wire, oral, or electronic communication shall not be received in evidence in a trial, hearing, or other proceeding in or before a court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the United States, a state, or political subdivision of a state if the disclosure of that information would be in violation of this chapter.

"If an interception is in violation of chapter 808B, the evidence is barred from any court proceeding." *State v. Spencer*, 737 N.W.2d 124, 128 (Iowa

2007). Chapter 808B does not bar the interception of oral communications "if the person is a party to the communication or one of the parties to the communication has given prior consent to the interception." Iowa Code § 808B.2(2)(b). Papillon was a party to the oral communications on the recordings, so her disclosure of the information at trial was not in violation of chapter 808B, and therefore, the admission of the audio recordings was not barred by section 808B.7.

## IV. Actual Damages

Jones claims the district court's award of $2076.55 to Papillon in actual damages is not supported by the evidence. This amount represents Papillon's motel expenses from April 6 to June 1, when she and the children did not live in the home. Jones points out Papillon testified she knew Jones was recording her conversations by about March 10, 2015, but she did not move out of the home until April 6. He states this shows she did not move out to avoid having her conversations recorded. He claims the parties were not getting along while living in the same home, so Papillon decided to move out.

The Iowa Supreme Court has stated:

> A civil action exists when a person uses an oral communication in violation of chapter 808B. Iowa Code § 808B.8(1)(*a*). A violation of chapter 808B occurs when a person willfully uses or endeavors to use, the contents of the oral communication, and the defendant knew or had reason to know the information was obtained through the unlawful interception of the oral communication. *Id.* § 808B.2(1)(*d*). An unlawful interception of the communication occurs when a person willfully intercepts an oral communication. *Id.* § 808B.2(1)(*a*).

*Iowa Beta Chapter*, 763 N.W.2d at 262. In chapter 808B, the term "willfully" "only requires purposeful conduct without a bad motive or knowing, unlawful component." *Id.* at 264 (citation omitted).

Under section 808B.8(1)(b)(1), in a civil cause of action against a person who intercepts, discloses, or uses a wire, oral, or electronic communication, the plaintiff is entitled to "[a]ctual damages, but not less than liquidated damages computed at the rate of one hundred dollars a day for each day of violation, or one thousand dollars, whichever is higher."

At the trial, Papillon testified Jones started playing the recordings of her conversations very loudly at night, preventing her from sleeping. She stated she "started to panic" because she felt he was using the recordings aggressively and she was concerned he would continue to record her, so she moved to a motel with the children. We determine there is substantial evidence in the record to support a finding Papillon incurred $2076.55 in actual damages as a result of Jones's interception and use of her oral communications.

### V.    Punitive Damages

Jones claims the district court erred in ordering him to pay punitive damages of $18,000. He states the award of punitive damages is excessive and burdensome, particularly because he believed he had Papillon's consent to record her conversations. He also claims the punitive damages are too large when compared to the actual damages.

"Under the Iowa statute, a mere violation of the statute will not entitle an aggrieved person to receive punitive damages." *Id.* at 263. "In order for a person to receive punitive damages under the statute, the finder of fact must

make 'a finding of a willful, malicious, or reckless violation of this chapter.'" *Id.* at 263-64 (citation omitted). "[F]or civil liability to attach, a person's conduct only needs to be purposeful conduct without a bad motive or knowingly unlawful component." *Id.* at 267. Therefore, "the legislature intended more than a purposeful violation of the statute before a court could award punitive damages." *Id.* "Accordingly, to recover punitive damages under section 808B.8(1)(b)(2), a person must prove 'at least a voluntary, intentional violation of, and perhaps also a reckless disregard of, a known legal duty.'" *Id.* (citation omitted). "Under this standard, an award of punitive damages is only allowed if the person knew of the requirements of the act and acted willfully, maliciously, or recklessly in violating the act." *Id.* at 268.

On this issue, the district court stated:

> [Jones] claims he did not know it was illegal to surreptitiously record [Papillon's] private oral communications without her knowledge, permission, or consent. Regardless of whether [Jones] was consciously aware that his conduct was illegal, he intentionally recorded [Papillon's] private conversations and disclosed them or endeavored to disclose them to third parties in order to use them against her in child custody litigation. [Jones] clearly knew what he was doing when he did it and he did so willfully, maliciously, and in reckless violation of the law.

The district court's findings do not meet the standard to justify an award of punitive damages. The court did not find Jones was aware of the requirements of chapter 808B and willfully, maliciously, or recklessly violated those statutory requirements. *See id.* The evidence does not show Jones knew his use of the recordings violated the act. We determine the award of $18,000 in punitive damages should be reversed.

### VI.    Attorney Fees

**A.**    Jones claims the award of $16,008.80 for attorney fees was not reasonable.  He states the court improperly ordered him to pay Papillon's attorney fees for the earlier case that was dismissed.  Jones states Papillon should not be awarded attorney fees for a prior case in the present case. Papillon responds the work her attorney performed in the earlier case benefitted her in this case.

Section 808B.8(b)(3) provides, "[a] reasonable attorney fee and other litigation costs reasonably incurred" may be awarded in an action for civil damages under chapter 808B.  Section 808B.8(b)(3) allows a party "to be awarded its attorney fees and costs incurred in prosecuting its claim under section 808B.8 for the defendants' use of the intercepted communication."  *Id.* at 269.

Papillon dismissed her original action against Jones.  Attorney fees for work by her attorney during the first action which were of benefit in the second action, such as research of the claims, may be part of the reasonable fees in this action.  On the other hand, Jones should not be required to pay for drafting the petition, reviewing the answer, and other administrative actions in the first case, which were ultimately of no benefit in the second case.  We determine the award of attorney fees should be remanded to the district court for a determination of Papillon's reasonable attorney fees under these guidelines.

**B.**    Papillon seeks attorney fees of $11,132.50 for this appeal.  When a statute permits an award of attorney fees, appellate attorney fees may be awarded as well.  *Bankers Trust Co. v. Woltz*, 326 N.W.2d 274, 278 (Iowa 1982).

On remand, the district court should consider the time spent on appeal in awarding attorney fees and costs. *See Abernethy v. Schmitt*, 879 N.W.2d 866, 869 (Iowa Ct. App. 2016).

We affirm the district court on the issues of whether the audio recordings were admissible as evidence and the award of actual damages. We reverse the award of punitive damages. We remand to the district court on the issues of trial and appellate attorney fees.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**